UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PELICAN HOSPITALITY GROUP,   *         CIVIL ACTION
ET AL

VERSUS                       *         NO: 06-6168

UNITED NATIONAL INSURANCE    *         SECTION: "D"(1)
COMPANY, ET AL

### ORDER AND REASONS

Before the court is the **"Motion for Remand"** filed by
Plaintiff, the Pelican Hospitality Group d/b/a The Bombay Company
(Bombay).  Defendant, United National Insurance Company (United
National), filed a memorandum in opposition.  The motion, set for
hearing on Wednesday, November 8, 2006, is before the court on
briefs, without oral argument.   Now, having considered the
memoranda of counsel, the record, and the applicable law, the court
finds that the motion should be granted.

### I.  Background

Bombay is the owner of a restaurant located at 830 Conti
Street, New Orleans, Louisiana.  On or about August 29, 2005,
Hurricane Katrina struck the New Orleans area and allegedly the
restaurant sustained damage caused by wind and wind-driven rain.

The restaurant's building, equipment, contents and business income were allegedly covered by a commercial property insurance policy issued by Union National.  The policy also allegedly covered the restaurant for losses resulting from the actions of a civil authority in prohibiting access to the restaurant and it included an "Equipment Breakdown Endorsement" issued by Hartford Steam Boiler Inspection and Insurance Company (Hartford Steam Boiler).

On or about September 24, 2005, Hurricane Rita struck the New Orleans area allegedly causing further damage to the restaurant, again from wind and wind-driven rain.  In the aftermath of both hurricanes, the restaurant allegedly suffered additional damage from looters, and it was prevented from opening due to lack of power and evacuation orders issued by the local and state government.

On or about October 14, 2005, Bombay allegedly provided Union National with satisfactory proof of loss of its covered damage under the policy.  Union National then allegedly retained local claim representative/independent claims adjuster, Trinity Catastrophe Services (Trinity) to act on United National's behalf in inspecting the restaurant and adjusting the claim.

Tracy Boldt, a Trinity employee, allegedly inspected the restaurant in October 2005 and met with representatives of Bombay, but failed to report his findings to United National.  United

National and Hartford Steam Boiler have allegedly not settled Bombay's claim because they claim they have not received the necessary documentation from Trinity.

On July 13, 2006, Bombay filed its Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, suing United National, Hartford Steam Boiler, Trinity and MJM Investigations, Inc.[1] Bombay sues United National and the Hartford Steam Boiler (both of which are alleged to be foreign corporations) for breaches of the subject insurance contract, failing to properly inspect, adjust, investigate and pay Bombay's claim, and penalties and attorney's fees under Louisiana law, LSA-R.S. 22:658 and LSA-R.S. 22:1220.

As to Bombay's claims against Trinity and MJM (both *alleged* in the Petition for Damages to be Louisiana corporations), Bombay asserts:

IX.

> The Bombay Company immediately reported the damages it sustained to United National.  On October 14, 2005 the Bombay Club provided United National with satisfactory proof of

---

[1]     In its Petition for Damages, Bombay fails to identify the business of MJM Investigations, Inc.  The court notes that in its removal papers, United Health represents that MJM "is engaged in the business of providing independent adjusting, appraisals, SIU compliance and investigative services." (*See* Petition for Removal, ¶4, and attached Exhibit C, MJM Master Services Agreement).

In any event, the role of MJM in this litigation is of no moment in the court's resolution of the Plaintiff's Motion for Remand.

loss of its covered damages under the policy in question, including all supporting documentation. Shortly thereafter, **Troy Boldt with Trinity, the local claim representative retained by and acting on behalf and at the direction of United National** inspected the insured premises and met with representatives of the Bombay Club.

X.

... **[R]epresentatives of United National have misrepresented the coverages and terms of the insurance coverage issued and have failed to properly investigate the nature of the claims.**

. . .

XII.

In the alternative, **MJM and Trinity were negligent by failing to timely or adequately investigate or provide United National with proof of the claims by the Bombay Club.**

XIII.

In the further alternative, at all times relevant herein, Trinity and MJM were acting under the direct supervision and **authority** of United National in connection with the handling of this claim and any negligence or breach committed by Trinity or MJM is imputed to United National.

(*See* state-filed Petition, ¶¶ XII & XIII, attached to Petition for Removal)(emphasis added).

On September 20, 2006, United National removed the matter under diversity jurisdiction. Although Bombay had asserted in its

4

Petition for Damages that both Trinity and MJM were Louisiana corporations, United National established in its removal papers that MJM is a "non-Louisiana business corporation with its principal place of business in Raleigh, North Carolina." (Petition for Removal at ¶ 3, and Exhibit B attached thereto).  As to Trinity, United National asserts that Trinity is an "independent insurance adjusting company" and "[s]ince there is no possibility that plaintiff would be able to establish a cause of action against the only in-state defendant, Trinity ... in State Court, Trinity ... has been fraudulently joined, and therefore cannot defeat diversity jurisdiction as to the remaining parties." (Petition for Removal, ¶¶ 5 & 7).

In its Motion for Remand, Bombay argues that the court lacks diversity jurisdiction because Bombay has stated a viable Louisiana law claim against in-state Trinity.  Alternatively, Bombay argues that even if Trinity was fraudulently joined to defeat diversity jurisdiction, the removal was untimely.

## II.  Legal Analysis

The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit: "[T]he removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has

5

been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (1981).

According to the President of Trinity,

> Trinity is an independent adjusting company which was formed for the sole purpose of adjusting insurance claims arising from hurricanes and natural disasters. Trinity is not an insurance company, and does not make any ultimate decisions as to whether any insurance claim should be denied or paid, whether in part or full.

(*See* Affidavit of Lolly L. Leger, attached to Notice of Removal as Exhibit D, and attached to United's Opposition as Exhibit A).

In this case, Bombay does not explicitly claim that Trinity (who is an insurance adjusting company and not an insurer) is liable under the Louisiana Insurance Code, LSA-R.S. 22:658 and LSA-R.S. 22:1220, or that Trinity is liable for breach of contract. Rather, as stated *supra*, Bombay alleges that Trinity (if assumed to be a representative of United Health) "misrepresented the coverages and terms of the insurance coverage issued and ... failed to properly investigate the nature of the claims" or, alternatively, Trinity was "negligent by failing to timely or adequately investigate or provide United National with proof of the claims by the Bombay Club." (Petition for Damages at ¶¶ X & XII).

As a general rule, Louisiana courts have consistently held that there is no duty on the part of an insurance adjustor to

advise a claimant of the proper prescriptive period. *See e.g.*, *Turner v. Aycock Welding Co.*, 421 So.2d 416, 417 (La. App. 1st Cir. 1982); *Pellerin v. Cash Pharmacy*, 396 So.2d 371 (La. App. 1st Cir. 1981).

However, in *Pellerin*, the court stated that an adjuster could possibly assume a duty to disclose the prescriptive period to an insured in certain circumstances depending on the "relative education of the parties, the diligence of the claimant in seeking the facts, **the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation or fraud.**" *Pellerin*, 396 So.2d at 373 (emphasis added). Apparently believing the adjuster may have undertaken or assumed a duty to inform the insured of prescription, the *Pellerin* court remanded with instructions to allow the plaintiff to amend her petition to allege such a breach of duty.

In *Alarcon v. Aetna Cas. & Sur. Co.*, 538 So.2d 696 (La. App. 5th Cir. 1989), the plaintiff sued Aetna and its adjuster for alleged negligent acts of omission and commission including: failing to evaluate the homeowners's claim in a timely manner; failing to make any meaningful effort to evaluate the homeowner's claim; failing to attempt to make a reasonable settlement of the homeowner's claim; and failing to fulfill the terms of the

contract.  *Id*. at 699.   The appellate court found that these allegations although described as "negligent acts of omission and commission" did not propose that the adjuster had assumed a duty toward the plaintiff which he breached.  *Id*.  Thus, the court found that the trial court had correctly maintained the exception of no cause of action as to the tort claim against the adjuster and Aetna.  *Id*.  However, the appellate court held "that under some circumstances a tort duty may exist in the settlement of an insurance claim and that the plaintiffs must be given the opportunity to amend their petition."  *Id.*

In *Loehn v. Hardin*, 2002 WL 922380 (E.D.La. 2003)(Porteous, J.), the Louisiana plaintiffs filed suit in state court against State Farm and an adjuster, who was a Louisiana resident employed by State Farm.   Plaintiffs' allegations against the adjuster included breach of the duty to properly handle plaintiff's claim by denying the claim after a cursory inspection and by misrepresenting the various coverages in the policy.   State Farm removed the suit to federal court alleging that the adjuster was fraudulently joined, and plaintiffs filed a motion to remand.

The *Loehn* court found that:

> State Farm had an obvious duty to the
> Plaintiffs to handle their claim.  This duty
> was delegated to ... the adjuster who handled
> the matter for State Farm.

8

Without ruling on whether there was an actual breach of the duty, the *Loehn* court found that a duty to the plaintiffs could have been breached by the adjuster and additionally noted that the *Alaracon* and *Pellerin* decisions issued by the state courts recognize that under some circumstances a tort duty may exist between an insurance claimant and an insurance adjuster. *See also, Dufrene v. State Farm Fire & Casualty Co.*, 1993 WL 35128 (E.D.La. 1993)(Arceneaux, J.)(granting motion to remand finding that State Farm had delegated to its adjuster the duty to properly handle the plaintiffs' claim, and thus the adjuster who was non-diverse was a proper party destroying the court's diversity jurisdiction).

In this case, Bombay has sufficiently pled in its Petition for Damages "the actual or apparent authority of the adjuster" and his "misrepresentation[s]," which are the type of *Pellerin* circumstances in which the adjuster may be said to have undertaken an independent tort duty to the insured.  And the court concludes from these alleged facts, whether Trinity was an agent or independent contractor, Trinity could have assumed an independent tort duty in investigating and adjusting Bombay's claims and Trinity could have breached this duty.[2]  Thus, Bombay has alleged facts that can establish a cause of action in state court against

---

[2]    The court does not reach the issue of whether or not Trinity in fact had or breached such a duty.

9

Trinity.[3]

Because United Health is unable to overcome its heavy burden of proving that there is no possibility of a valid cause of action against Trinity (the in-state defendant), the court finds that Trinity was not fraudulently joined. Thus, diversity jurisdiction is destroyed and this matter must be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction.[4]

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion for Remand"** be and is hereby **GRANTED**, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **13th** day of **November**, **2006**.

_____
                A.J. McNAMARA
        UNITED STATES DISTRICT JUDGE

---

[3]     In *Motin v. Travelers Ins. Co.,* 2003 WL 22533673 (E.D.La. 2003)(Berrigan, J.), *M & M Towing Co., Inc. v. United Capitol Ins. Co,,* 1998 WL 169694 (E.D.La. 1998)(McNamara, J), and *Rich v. Bud's Boat Rentals, Inc.,* 1997 WL 785668 (E.D.La. 1997)(Vance, J.), the courts denied motions to remand on a finding that the adjuster had been fraudulently joined. But in those cases, unlike this one, the courts did not find that the plaintiffs had alleged any facts upon which it could be said that the adjuster assumed a duty to them.

[4]     The court need not address Plaintiffs' alternative argument that United Health's removal was untimely.